IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

LOURDES NIEVES-VARELA

    Petitioner,

    v.

UNITED STATES OF AMERICA

    Respondent.

CIV. NO.: 16-2955 (PAD/SCC)

**REPORT AND RECOMMENDATION**

Ms. Nieves-Varela was charged with one count of conspiracy to possess with intent to distribute controlled substances (Count One), and one count of aiding and abetting in the possession/distribution of cocaine (Count Two).*See* Crim. No. 14-391 (PAD) at Docket No. 194. She pled guilty, and was sentenced. The petitioner filed a motion to vacate her sentence, and the government responded. *See* Docket Nos. 1 and 5.

The presiding Judge referred the Motion for a Report and Recommendation. After carefully examining the parties'

Civ. No. 16-2955 (PAD/SCC)

arguments, the Court recommends that Petitioner's Motion to Vacate be denied.

### I. Factual Background

On June 25, 2014, Nieves-Varela was charged in a two-count Indictment. *See* Crim. No. 14-391 at Docket No. 194. She pled guilty to conspiracy to possess with intent to distribute at least 2, but less than 3.5 kilograms of cocaine. *See* Docket No. 572 of Crim. No. 14-391. On August 26, 2015, she was sentenced to 78 months of imprisonment. Docket No. 1177 of Crim. No. 14-391.

On November 9, 2016, Nieves-Varela filed the Motion to Vacate that is now before this Court. *See* Docket No. 1.

### II. Arguments

Petitioner's only argument in support of her § 2255 motion is that she is entitled to a minor role reduction pursuant to Amendment 794. *See* Docket No. 1 at pg. 4. Guideline 3B1.2 allows the court to reduce the offense level of a defendant who was a "minimal" or "minor" participant in the offense of conviction. Amendment 794 "provides additional guidance to

Civ. No. 16-2955 (PAD/SCC)

sentencing courts in determining whether a [3B1.2] mitigating role adjustment applies." U.S.S.G. app. C, amend. 794 (2015).

Amendment 794, however, is not retroactively applicable on collateral review. *Torres-Pacheco v. United States*, Civil No. 16-2684 (DRD), 2017 WL 4620981, at *3 (D.P.R. October 13, 2017)(denying a petition under Section 2255 because "Amendment 794…is not retroactively applicable to defendants on collateral review."); *Johnson v. United States*, Nos. 2:16-cv-528, 2:10-cr-185, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17, 2016). For that reason, the government correctly asserts that petitioner is not entitled to seek remedy under Amendment 794.

### III. Conclusion

Having carefully examined the arguments raised by the parties, I recommend that the Presiding Judge deny Petitioner's Motion to Vacate at Docket No. 1.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within

Civ. No. 16-2955 (PAD/SCC)

the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

    In San Juan, Puerto Rico, this 16th day of October, 2018.

                S/ SILVIA CARREÑO-COLL
                 UNITED STATES MAGISTRATE JUDGE